**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **PEARLINE RUFFIN,** | ) | |
| | ) | |
| | ) | **CIVIL ACTION NO:** |
| **Plaintiff,** | ) | |
| **v.** | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| **ANTHEM, INC.** | ) | |
| | ) | |
| Serve: **Registered Agent** | ) | |
| **CT Corporation System** | ) | |
| **4701 Cox Rd Ste 285** | ) | |
| **Glen Allen, VA 23060-6808** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Pearline Ruffin ("Ruffin" or "Plaintiff"), by counsel, brings this action against Defendant Anthem, Inc. ("Anthem") for damages and alleges as follows:

## NATURE OF THE CLAIMS

1.      This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendant's unlawful employment practices against Plaintiff, including its discriminatory treatment of Plaintiff due to her race in violation of Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 ("Section 1981").

## THE PARTIES

2.      Plaintiff Ruffin is a Black female, and at all times relevant hereto was, a citizen of the Commonwealth of Virginia, residing in the town of Virginia Beach, Virginia.

3.      Defendant Anthem is an Indiana corporation that conducts business all over the world, including in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

4.      This court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C.

§§ 1331 and 1343 as this action involves federal questions regarding the deprivation of

Plaintiff's rights under Section 1981.

5.      Venue properly lies in this Court pursuant to 28 U.S.C. § 1391(a) because the

controversy involves Defendant's behavior at Plaintiff's place of employment, in the Eastern

District of Virginia.

## STATEMENT OF FACTS

6.      In January 2008 Ruffin began employment with Anthem as a Claims Analyst II.

Subsequently, Ruffin was twice promoted.  First in or about 2009 to a Credentialing Specialist.

Then Ruffin was again promoted to a Credentialing Coordinator in or about 2014.

7.      Throughout her tenure, Ruffin met and exceeded her employer's expectations.  Ruffin

was never counseled for attendance issues until she came under the supervision of Grace Quist

("Quist") – an Asian female.

8.      Quist was a Credentialing Manager.

9.      In or about October 2016, Ruffin was transferred from under the supervision of

Credentialing Manager Valerie Lewis ("Lewis") to Quist.

10.     Upon information and belief, Defendant had received complaints from a Black employee,

Zenobia Wise-Senior ("Wise-Senior"), working under Quist alleging racial discrimination and

unfair treatment.

11.     Defendant switched Wise-Senior from working under Quist to Lewis.  Likewise,

Defendant switched Ruffin from working under Lewis to working under Quist.

12.     Ruffin noticed almost immediately that Quist appeared fixated on the topic of race.  Quist would routinely comment on Black employee's habits and appearance.  One time Quist told Ruffin: "You're well educated to be colored."

13.     On another occasion, Quist told Ruffin and another black employee ("Anne") – in an unsolicited remark: "We have Blacks in my family, but none in my immediate family" – emphasizing "immediate family."

14.     On multiple occasions, Quist would ask Ruffin and other black employees: "Why do Black girls always wear wigs?"  After asking the question Quist would regularly editorialize: "It makes them look dirty" or "It makes their hair look dirty."

15.     Quist would also routinely make comments to black employees about hair extensions. For example: "Why do Black girls get so many tracks (hair extensions)?"  Again, Quist would often add a follow-up comment such as, "It makes them look dirty."

16.     Quist was not shy about telling Ruffin that she would have preferred a white employee holding Ruffin's position.  Quist told Ruffin that she had two white female friends "Leigha Meyers ("Meyers") and Sharon Smith ("Smith") that she would have liked to have in her department doing Ruffin's work.

17.     On or about October 17, 2016 Ruffin called Anthem's "compliance line" and complained to an individual named "Katherine" about what she perceived as racist discrimination by her immediate supervisor, Quist.

18.     Ruffin followed up this complaint with multiple individuals in Anthem's Human Resources department beginning in October 2016 and continuing until her firing in May 2017. Each time Ruffin told Anthem's HR representative that Quist was "being racist."

19.     In November 2016, Meyers approached Ruffin and informed her that Quist had given her some of Ruffin's primary responsibilities; Smith wanted Ruffin to know that she was not "trying to step on [Ruffin's] toes."

20.     During a meeting with another Credentialing Manager, Raleesha Hinton (black female), Hinton told Ruffin "Your manager (Quist) is trying to give your job away."  From November 2016 through May 2017 Quist would routinely give Ruffin's assigned tasks to other employees – and then complain that Ruffin was not performing her tasks.

21.     Quist would routinely show favoritism to her white employees working under her.  This favoritism included giving easier assignments, and constantly allowing white employees to arrive late without consequences (*i.e.,* punishment).

22.     Quist would also continually ignore Ruffin's emails requesting leave or other inquiries.

23.     In April 2017, Ruffin (again) complained to Deidra Richards (who told Ruffin she was Anthem's HR manager) about Quist's racist conduct and her retaliating against Ruffin for making prior complaints to Compliance and HR about Quist.

24.     On May 8, 2017, Anthem fired Ruffin claiming she had violated time-card policies. Anthem discharged Ruffin without affording her the same opportunity (at the exact same time) given to a similarly situated white employees under Quist's supervision.  Those similarly situated white employees were allowed to explain their time-card issues in order to avoid firing.

25.     Upon information and belief, all other employees fired on or about May 8, 2017 under Quist's supervision were black.

## COUNT I
### Racial Discrimination and Harassment -- 42 U.S.C. § 1981

26.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

27.     Defendant discriminated against Plaintiff because of her race and color with respect to the terms and conditions of her employment in violation of 42 U.S.C. § 1981 *et seq*. and further engaged in acts that constitute harassment, a hostile work environment and disparate treatment.

28.     Defendant racially discriminated against Plaintiff in interfering with the wages, benefits, privileges, terms and conditions of the Plaintiff's employment relationship with Defendant.

29.     Defendant racially discriminated against Plaintiff in that she was a member of a protected class, an adverse employment action occurred and similarly situated white coworkers of Plaintiff were treated differently.  As a result of the racial discrimination, Defendant deprived Plaintiff of constitutional and statutory rights motivated by racial considerations.

30.     Defendant's termination of Plaintiff's employment constitutes race and color discrimination in violation of 42 U.S.C. § 1981.

31.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

32.     At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the legal rights of Plaintiff.

### COUNT II
### Retaliation -- 42 U.S.C. § 1981

33.     Plaintiff repeats and realleges each and every Paragraph of this Complaint as though fully set forth herein.

34.     As alleged above, Plaintiff engaged in protected activity under 42 U.S.C. § 1981 when she complained of discrimination based on her race and color and when she complained of harassment.

35.     As a result of Plaintiff's aforesaid race discrimination complaints, Defendant retaliated against Plaintiff by discharging her from her employment.

36.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered and continues to suffer loss of income, damage to career, loss of career opportunity, inconvenience, loss of enjoyment of life, severe emotional distress, anxiety, humiliation, embarrassment, damage to reputation, violations of his constitutional and statutory rights and other consequential damages.

37.     At all times material hereto, the Defendant's acts and omissions were done intentionally, willfully, with deliberate indifference, with reckless indifference and/or with malice toward the legal rights of Plaintiff.

<u>JURY DEMAND</u>

**Plaintiff demands a jury trial.**

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff, Pearline Ruffin, prays for entry of judgment in favor of Plaintiff and against Defendant Anthem, Inc. in the form of the following relief:

a.      Back Pay;

b.      Front Pay;

c.      Compensatory Damages;

d.      Punitive Damages;

e.      Attorneys' fees and court costs associated with this suit; and

f.      Other such relief as may be appropriate to effectuate the purpose of justice.

Date: May 5, 2021                               Respectfully submitted,

                                                PEARLINE RUFFIN

                                                ____/s/   Todd M. Gaynor____
                                                Todd M. Gaynor, Esquire
                                                Virginia Bar No.: 47742
                                                GAYNOR LAW CENTER, P.C.
                                                440 Monticello Avenue, Suite 1800
                                                Norfolk, Virginia 23510
                                                PH: (757) 828-3739
                                                FX: (75) 257-3674
                                                EM: tgaynor@gaynorlawcenter.com

                                                *Counsel for Plaintiff*